IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA DANG | * | |
| Appellant, | * | |
| v. | * | |
| | * | Civil Action No.: RDB-12-3342 |
| QUICKEN LOANS; ONE WEST BANK FSB; DEUTSCHE BANK NATIONAL TRUST COMPANY; HOWARD BIERMAN; JACOB GEESING; CARRIE M. WARD; and BIERMAN, GEESING, AND WARD LLC | * | Bankruptcy Adversary No.: 10-215 Bankruptcy Case No.: 10-14152 |
| Appellees. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

In this case, as in the companion case of *Dang v. Bank of America*, Civil Case No. 12-3343, which is decided simultaneously, the Appellant Barbara Dang (the "Appellant") challenges the jurisdiction and authority of the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"), which dismissed her adversary proceedings against lienholders on property of her estate. The issues raised by the Appellant in this case are essentially identical to those addressed in *Dang v. Bank of America*, to which this Court will make frequent reference in this Memorandum Opinion.

This case is before this Court on appeal of two orders: (1) the Bankruptcy Court's Memorandum Order of September 29, 2011, granting motions to dismiss the adversary proceeding initiated by the Appellant for failure to state claims upon which relief can be

1

granted; and (2) the Bankruptcy's Court subsequent Order Denying Motion to Amend or Vacate the September 29, 2011, order of dismissal. These orders resulted in the dismissal of the Appellant's adversary proceeding against the Appellees Quicken Loans ("Quicken"); OneWest Bank FSB ("OneWest"); Deutsche Bank National Trust Company ("Deutsche Bank"); as well as Howard Bierman, Jacob Geesing, Carrie M. Ward, and Bierman, Geesing, and Ward LLC, which is now known as BWW Law Group (collectively, the "BWW Defendants") (together with Quicken, OneWest, and Deutsche Bank, the "Appellees").[1] The Appellant, proceeding *pro se*, now challenges the Bankruptcy Court's dismissal on three grounds: (1) that the Bankruptcy Court erred in assuming jurisdiction over the adversary proceeding; (2) that the Bankruptcy Court lacked authority to rule on the adversary proceeding; and (3) that the Bankruptcy Court erred in granting relief to the BWW Defendants, because their motion to dismiss had been stricken as moot.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which extends jurisdiction to the United States District Courts to hear appeals from the final judgments, orders, and decrees of the United States Bankruptcy Courts. The parties have fully briefed the issues, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, this Court treats the Bankruptcy Court's order of dismissal as proposed findings of fact and conclusions of law, and ADOPTS those findings and conclusions. Accordingly, this Court GRANTS the Appellees' motions to dismiss the Appellant's adversary proceeding.

---

[1] *See* Am. Compl., Adversary Case 10-215, ECF No. 31. Although Deutsche Bank is listed as a defendant in the caption of the Appellant's Amended Complaint, Deutsche Bank was not named in any counts of the Amended Complaint.

**BACKGROUND AND PROCEDURAL HISTORY**

    **I.**      **The Appellant's Three Bankruptcy Cases**

This appeal concerns the Appellant's property located at 345 Folcroft Street in Baltimore, Maryland (the "Baltimore Property"). In 2006, the Appellant purchased the Baltimore Property with a mortgage loan and deed of trust from Quicken Loans ("Quicken"). That deed of trust was secured by the Baltimore Property. After the closing of the loan, Quicken sold the loan's servicing rights to IndyMac, whose successor in interest is the Appellee OneWest Bank FSB ("OneWest"). On January 1, 2008, after the loan and deed of trust had fallen into default, the attorneys for the lienholders on the Baltimore Property—Howard Bierman, Jacob Geesing, Carrie M. Ward, and Bierman, Geesing, and Ward LLC, which is now known as BWW Law Group (the "BWW Defendants")—filed a foreclosure proceeding against the Baltimore Property in the Circuit Court for Baltimore City.

That foreclosure was not consummated, because the Appellant filed for bankruptcy and received the protection of an automatic stay.[2] This Court's Memorandum Opinion in *Dang v. Bank of America*, Civil Case No. 12-3343, sets out the Appellant's extensive history in the Bankruptcy Court. That history need not be repeated in full, but the facts crucial to the analysis of this case are included as follows.

---

[2] A bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." 11 U.S.C. § 362.

Between May 8, 2009, and March 1, 2010, the Appellant filed for bankruptcy three times in the District of Maryland. She filed her first bankruptcy case under Chapter 7.[3] At the close of the Chapter 7 case, the Bankruptcy Court granted a discharge of some of the Appellant's debts. *See* Discharge of Debtor, Bankruptcy No. 09-18291, ECF No. 54. That discharge, however, did not affect the Baltimore Property. Rather, the Bankruptcy Court granted relief from the automatic stay so that the parties seeking foreclosure of the Baltimore Property could proceed with that action. *See* Order Granting Relief from Automatic Stay, Bankruptcy No. 09-18291, ECF No. 34.

The Appellant filed her latter two bankruptcy cases under Chapter 13.[4] The first Chapter 13 case was dismissed because the Appellant failed to make payments to the Chapter 13 Trustee, in violation of section 1326 of the Bankruptcy Code. *See* Order Granting Motion to Dismiss Case, Bankruptcy No. 09-29846, ECF No. 55. The second Chapter 13 case, from which this adversary case arises, was filed on March 1, 2010. In the Appellant's schedules, she identified the Baltimore Property as a property in interest and acknowledged that Quicken had a secured claim as to the property. *See* Summary of Schedules, Bankruptcy No. 10-14152, ECF No. 1-1. Deutsche Bank National Trust Company ("Deutsche Bank") and OneWest, the banks which at that point held a secured interest in the Baltimore Property, filed a proof of claim in the Appellant's Chapter 13 case,

---

[3] The relief provided under Chapter 7, 11 U.S.C. §§ 701 *et seq.*, is liquidation. In a Chapter 7 bankruptcy case, the bankruptcy trustee liquidates the debtor's assets, which involves selling the debtor's nonexempt property and distributing the proceeds from that sale to the creditors.
[4] Under Chapter 13, 11 U.S.C. §§ 1301 *et seq.*, a debtor with regular income may develop a plan to repay all or part of his debts to creditors over a period from three to five years.

to which the Appellant objected.  *See* Objection to Claim Number 2, Bankruptcy No. 10-14152, ECF No. 63.

On August 12, 2010, the Appellant's Chapter 13 Plan was confirmed.  *See* Order Confirming Chapter 13 Plan, Bankruptcy No. 10-14152, ECF No. 81.  Over one year later, on December 20, 2011, the Chapter 13 Trustee submitted a Final Report and Account, certifying that the estate had been fully administered.  *See* Chapter 13 Trustee Final Report and Account, Bankruptcy No. 10-14152, ECF No. 120.  In that report, Deutsche Bank was identified as a secured creditor with respect to the Baltimore Property, with its claim of $38,508.69 listed as "allowed."  *See id.*

## II.   The Appellant's Adversary Proceeding Against the Appellees

On April 2, 2010, before the Appellant's Chapter 13 plan was confirmed, the Appellant filed a complaint with nine causes of action against Quicken Loans, OneWest, Deutsche Bank, and the BWW Defendants (together, the "Appellees").  The Appellant's complaint was docketed as "Adversary Proceeding 10-215" in the Bankruptcy Court, thereby initiating the adversary proceeding (the "Adversary Proceeding") at issue in this appeal.[5]  One set of Appellees, the BWW Defendants, filed a motion to dismiss the Adversary Proceeding on May 12, 2010, for failure to state claims upon which relief can be granted.[6]  Mot. to Dismiss, Adversary Case 10-215, ECF No. 23.

---

[5] At the same time that the Appellant initiated this Adversary Proceeding, she initiated another, nearly identical adversary case with regard to a secondary property in Tulare, California.  That adversary case is addressed in this Court's Memorandum Opinion in *Dang v. Bank of America*, No. 12-3343.

[6] Pursuant to Bankruptcy Rules 7008 and 7009, assertions set forth in an adversary complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and

On May 13, 2010, the Appellant filed an Amended Complaint with seven causes of action: (1) fraudulent misrepresentation; (2) fraud; (3) wrongful foreclosure attempt; (4) bad faith and tortious breach of contract; (5) intentional infliction of emotional distress; (6) violation of Real Estate Settlement and Procedures Act ("RESPA"); and (7) violation of the Truth in Lending Act ("TILA").  *See* Am. Complaint, Adversary Case 10-215, ECF No. 31. The Appellant sought several forms of relief, including damages, sanctions, and avoidance of the deed of trust operating as a lien on the Baltimore Property.  *Id.*  In the Amended Complaint the Appellant included, as required under Bankruptcy Rule 7008, the following statement: "This proceeding is a core proceeding as it affects the administration of the estate of the bankruptcy case that is before this court pursuant to [28 U.S.C. § 157(b)(2)(f)]."[7]

Thereafter, the other Appellees also filed motions to dismiss the Adversary Proceeding for failure to state claims upon which relief can be granted.  *See* Mots. to Dismiss, Adversary Case 10-215, ECF Nos. 48, 49.  The Appellant then sought leave to file a second amended complaint, which the Bankruptcy Court denied for undue delay and prejudice to the Appellees.  *See* Mem. Order Denying Debtor's Mot. for Leave, Adversary No. 10-215, ECF No. 94.

At a motions hearing on August 25, 2010, the Bankruptcy Court addressed the Appellees' motions to dismiss.  The court decided that because the BWW Defendants' motion to dismiss related to the Appellant's original Complaint and not her Amended

---

"[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."

[7] Rule 7008(a) requires the pleader to include a "statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge." Fed. R. Bankr. P. 7008(a).

Complaint, their motion to dismiss was moot. *See* Proceeding Notes, Adversary Case 10-215, ECF No. 99. The Bankruptcy Court took the other motions under advisement. *See id.* During that hearing, the Appellant did not challenge the Bankruptcy Court's jurisdiction over the Adversary Proceeding or authority to decide the case.

Then on September 29, 2011, the Bankruptcy Court entered a Memorandum Order granting the Appellees' motions to dismiss, including the motion to dismiss filed by the BWW Defendants which the court had previously declined to consider. *See* Mem. Order Granting Mots. to Dismiss, Adversary Case 10-215, ECF No. 111. Specifically, the Bankruptcy Court held that the Appellant failed to state claims upon which relief could be granted. *See id.* The Bankruptcy Court also found, as alternative reasons for dismissal, that the Appellant had failed to state any claim against Deutsche Bank, which was not named as a defendant as to any of the seven causes of action; that several of the Appellant's claims against Quicken were barred by the applicable statute of limitation; and that all of the Appellant's claims were barred by judicial estoppel, because she failed to list them in the bankruptcy schedules she filed in her previous bankruptcy cases.[8]

On October 11, 2011, the Appellant filed a motion to vacate the Bankruptcy Court's dismissal order. *See* Mot. for Amending or Vacating Order, Adversary Case 10-215, ECF No. 113. For the first time, the Appellant raised the argument that the Bankruptcy Court had neither jurisdiction over nor authority to decide the Adversary Proceeding. The Appellant also argued that the Bankruptcy Court could not grant relief to the BWW Defendants, because their motion to dismiss had been stricken as moot.

---

[8] *See* note 14 *infra.*

On September 28, 2012, the Bankruptcy Court denied the Appellant's motion to vacate the court's previous order dismissing the Adversary Proceeding. *See* Mem. Order Denying Mot. to Amend or Vacate, Adversary Case 10-215, ECF No. 119. The Bankruptcy Court found that it had jurisdiction over the Adversary Proceeding, as well as statutory and constitutional authority to issue a final order. In case the district court on appeal found that the Bankruptcy Court did not have authority to issue a final order, the Bankruptcy Court attached its previous dismissal order as proposed findings of fact and conclusions of law for the district court to review under 28 U.S.C. § 157(c)(1).[9] *See id.*

Following the Bankruptcy Court's denial of the Appellant's motion to vacate, the Appellant filed a notice of appeal. *See* Notice of Appeal, Adversary Case 10-215, ECF No. 123. In her Statement of Appeal, she raised three issues, claiming that "[t]he [Bankruptcy] Court lacks Article 3 powers to rule on the matters at hand, and the Plaintiff did not waive jurisdiction. The [Bankruptcy] Court also erred in granting relief to the [BWW] Defendants, where relief could not be granted because their motion [doc. 23] was stricken as MOOT." Statement of Appeal and Decl. of Record, ECF No. 1-1. Reviewing the Bankruptcy Court's dismissal of the Adversary Proceeding as proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1), this Court adopts the Bankruptcy Court's decision to grant the Appellees' motions to dismiss.

---

[9] Section 157(c)(1) authorizes a bankruptcy court to hear certain proceedings and submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1). Any final order or judgment "shall be entered by the district court." *Id.*

**STANDARD OF REVIEW**

This appeal is brought pursuant to Rule 8001(a) of the Federal Rules of Bankruptcy Procedure, which permits an appeal as of right from a judgment, order, or decree of a bankruptcy judge to a district court as authorized by 28 U.S.C. § 158(a)(1). On appeal from the Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry-Go-Round Enterprises, Inc.,* 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch,* 258 F.3d 315, 319 (4th Cir. 2001). The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013; *see also In re White,* 128 F. App'x 994, 999 (4th Cir. 2005); *Suntrust Bank v. Johnson,* 2006 U.S. Dist. LEXIS 87622, at *6, 2006 WL 3498411 (D. Md. Dec. 4, 2006).

**ANALYSIS**

The Appellant raises claims essentially identical to those she argued in the companion case *Dang v. Bank of America*, Civil Case No. 12-3343. She similarly argues that the Bankruptcy Court erred in assuming jurisdiction over this Adversary Proceeding and lacked authority to enter a final order in the case. She also claims here, as in *Dang v. Bank of America*, that an injunction bars the Appellees from seeking to foreclose on the Baltimore Property and that the Bankruptcy Court overstepped its authority at the motion to dismiss stage by adjudicating facts. The Appellant's final argument, which is unlike any claim in the companion case, concerns the BWW Defendants, whom the Appellant claims could not have been granted relief, since their motion to dismiss had been stricken as moot.

9

First, this Court addresses the issue regarding the Appellant's alleged discharge injunction. Then it turns to the Appellant's arguments concerning the Bankruptcy Court's jurisdiction over and authority to adjudicate the Adversary Proceeding. Because these issues are identical to those in the companion case, this Court need only summarize its holdings here. The parties are referred to this Court's Memorandum Opinion of today in *Dang v. Bank of America*, Civil Case No. 12-3343, in which this Court fully reviews and resolves the claims surrounding the Bankruptcy Court's jurisdiction and authority to adjudicate. Finally, reviewing the Bankruptcy Court's order of dismissal as proposed findings and conclusions of law, this Court ADOPTS the reasoning of the Bankruptcy Court's Order Granting Motions to Dismiss and GRANTS the Appellees' motions to dismiss. Consequently, the Appellant's Adversary Proceeding is DISMISSED.

### I.     The Appellant's Argument Based on Alleged Discharge Injunction

At the outset, the Appellant's argument based on an alleged discharge injunction is easily dispatched.[10] The Appellant claims that the debt associated with the Baltimore Property was discharged, thus a permanent injunction bars the Appellees from attempting to collect that debt. *See* Appellant's Br. 22, ECF No. 3.

As discussed above, the Appellant received a discharge at the close of her first bankruptcy case under Chapter 7. Contrary to the Appellant's assertion, however, that discharge did not affect the lien on the Baltimore Property. Instead, the Bankruptcy Court granted relief from the automatic stay so that the parties seeking foreclosure could proceed

---

[10] The Appellant did not raise this issue in her Statement of Appeal, though she was required to file "a statement of the issues to be presented" under Bankruptcy Rule 8006. *See* Fed. R. Bankr. P. 8006. Nevertheless, this Court addresses the Appellant's argument in the hope that this decision provides answers to all remaining concerns about the underlying dismissal of her Adversary Proceeding.

10

against the Baltimore Property. *See* Order Granting Relief from Automatic Stay, Bankruptcy No. 09-18291, ECF No. 34. The Appellant's claim that she received a discharge of the debt owed the Appellees is belied by her own actions—after her 2009 discharge, the Appellant filed for bankruptcy twice more and initiated an Adversary Proceeding, all in an effort to protect the Baltimore Property from foreclosure. In short, there is no basis in fact for the Appellant's allegation that a discharge injunction bars the Appellees in this case. For this reason, this argument is denied.

## II.     The Bankruptcy Court's Jurisdiction and Authority to Adjudicate

The Appellant claims that the Bankruptcy Court lacked jurisdiction over the Adversary Proceeding. Moreover, she maintains that the Bankruptcy Court did not have authority to enter a final order in the case. As to these claims, this Court's conclusions articulated in today's Memorandum Opinion deciding *Dang v. Bank of America*, Civil Case No. 12-3343, fully apply. These conclusions need not be repeated in full; rather, they are summarized as follows.

First, this Court finds that, at a minimum, the Appellant's Adversary Proceeding "related to" her case under Title 11. *See* 28 U.S.C. § 1334(b) (establishing the district court's jurisdiction "of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11"). Because the Adversary Proceeding involved requests for damages, statutory sanctions, and the avoidance of a lien, the case could conceivably have had an effect on the Appellant's estate. *See Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625 (4th Cir. 1997) (citations omitted); *see also Titus v. Smith*, Civil Action No. 3:12-CV-21, 2012 WL 2255498, at *4 (N.D. W. Va. June 15, 2012) (finding that an adversary

proceeding was "related to" the debtor's bankruptcy case because "any recovery in [the adversary] action will increase the size of the [debtor's] bankruptcy estate for the benefit of his creditors").[11]

Second, the Bankruptcy Court had statutory authority to resolve the Adversary Proceeding based on the Appellant's consent, but lacked constitutional authority to do so. Because the Bankruptcy Court purported to resolve claims that did not stem "from the bankruptcy itself or would necessarily be resolved in the claims allowance process," *Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011), the Bankruptcy Court's order of dismissal ran afoul of Article III. However, this Court finds that while the Bankruptcy's order of dismissal cannot stand as a final judgment, it can be treated as proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1). *See, e.g.*, *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 565 (9th Cir. 2012); *Kirschner v. Agoglia*, 476 B.R. 75, 81-82 (S.D.N.Y. 2012) (following a majority of district and bankruptcy courts that have found that "a bankruptcy court does have the power (statutory and otherwise) to issue a report and recommendation on" core proceedings that fail *Stern*'s test).[12]

Accordingly, this Court reviews Bankruptcy Court's Memorandum Order granting the Appellees' motions to dismiss as proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1). For the reasons that follow, this Court ADOPTS the Bankruptcy Court's decision to dismiss of the Adversary Proceeding.

---

[11] This Court's conclusion regarding the Bankruptcy Court's jurisdiction over the Adversary proceeding is found at pages 12 through 15 of the Memorandum Opinion in *Dang v. Bank of America*, Civil Case No. 12-3343.

[12] This Court's holdings concerning the Bankruptcy Court's statutory and constitutional authority are found at pages 15 through 26 of the Memorandum Opinion in *Dang v. Bank of America*, Civil Case No. 12-3343.

### III. Adoption of the Bankruptcy Court's Order of Dismissal

Pursuant to section 157(c)(1), this Court must enter a final order or judgment "after considering the bankruptcy court's findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). In this case, the Appellant raises two specific objections to the Bankruptcy Court's order of dismissal. First, she objects to the dismissal of the BWW Defendants, because their motion to dismiss had previously been stricken as moot. *See* Appellant's Br. 4-7, 19-20. Second, the Appellant contends that the Bankruptcy Court erred by adjudicating facts in its ruling. *See id.* at 15-19. Applying section 157(c)(1), this Court reviews these matters *de novo*, before considering the remainder of the Bankruptcy Court's findings and conclusions.[13]

A. <u>The Appellant's Objection to the Dismissal of the BWW Defendants</u>

In particular, the Appellant argues that the BWW Defendants' motion to dismiss was stricken as moot, and therefore the Bankruptcy Court was barred from granting them relief at a subsequent stage of the case. This objection has no merit. The Bankruptcy Court stated on the record that the motion to dismiss filed by the BWW Defendants was moot, and

---

[13] In the Appellant's Reply Briefs, she suggests that this appeal is not the appropriate time to challenge the sufficiency of the Bankruptcy Court's order of dismissal. *See, e.g.*, Appellant's Reply 7, ECF No. 25. The Appellant purports to "reserve[] the right to dispute that actual order itself at the proper time and venue." *Id.* This Court will not grant the Appellant any further opportunity to challenge the Bankruptcy Court's dismissal of her Adversary Proceeding. While a *pro se* party's filings are "liberally construed" and "held to less stringent standards than" those drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), the Appellant in this case has had ample opportunity to challenge the Bankruptcy Court's order of dismissal and indeed has lodged specific objections to it. Moreover, the Appellant has taken full advantage of her right to appeal, submitting nearly 250 pages of briefs and exhibits to this Court. Any points she failed to raise in her extensive briefing are abandoned. *See United States v. Al-Hamdi*, 356 F.3d 564, 571 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.").

would therefore not be addressed at the August 25, 2010, motions hearing, because it did not relate to the Appellant's Amended Complaint. *See* Proceeding Notes, Adversary Case 10-215, ECF No. 99. Subsequently, the Bankruptcy Court determined that the Appellant's original complaint was still operative, because the Amended Complaint, which contained no factual allegations, could only be treated as a supplement. *See* Mem. Order Granting Mots. to Dismiss, Adversary Case 10-215, ECF No. 111. This decision eliminated the Bankruptcy Court's previous concern that the BWW Defendants had failed to address the Amended Complaint.

Moreover, the BWW Defendants requested leave to file a motion to dismiss the Appellant's Amended Complaint after the August 25, 2010, hearing. *See* Expedited Mot. to File Resp. to Am. Compl., Adversary Case 10-215, ECF No. 101. The Bankruptcy Court explained that, "in the interest of judicial economy" and "because the arguments presented by the [BWW Defendants] are consistent with the arguments that have already been presented in this case," it decided to allow the BWW Defendants' motion to dismiss to stand. *See* Mem. Order Denying Mot. to Amend or Vacate 17-18, Adversary Case 10-215, ECF No. 119. The Bankruptcy Court was permitted to make this decision, and the Appellant offers no reason for concluding differently. *See* Fed. R. Civ. P. 54(b) (permitting the revision of a court's interlocutory decisions "before the entry of a judgment adjudicating all the claims"). For these reasons, the Appellant's objection is rejected.

### B. The Appellant's Objection to the Bankruptcy Court's Alleged Factual Findings

The Appellant's second objection involves the standard of review applied by the Bankruptcy Court. When the court dismissed the Adversary Proceeding under Rule 12(b)(6)

of the Federal Rules of Civil Procedure, the Appellant maintains that the Bankruptcy Court failed to accept the complaint's factual allegations as true.  Reviewing the Bankruptcy Court's opinion *de novo*, this Court finds no support for the Appellant's objection.  Rather, the Bankruptcy Court's decision rested on legal conclusions about the sufficiency of the Appellant's complaint.

As to the Appellant's fraud-based claims, the Bankruptcy Court found that the Appellant failed to plead with particularity the circumstances constituting fraud, citing Rule 9(b) of the Federal Rules of Civil Procedure.  *See* Mem. Order Granting Mots. to Dismiss 6-12.  The Bankruptcy Court dismissed the Appellant's wrongful foreclosure attempt claim, because there no such cause of action exists.  *Id.* at 12-13.  As to the Appellant's "bad faith and tortious breach of contract claim," the Bankruptcy Court could find no contractual violation pled in the complaint.  *Id.* at 13-15.  Finally, her intentional infliction of emotion distress, Real Estate Settlement Procedures Act, and Truth in Lending Act claims were dismissed for failure to plead the necessary elements of those causes of action.  *Id.* at 15-17; 17-20; 20-23.

In addition to those justifications for dismissal, the Bankruptcy Court dismissed the complaint on grounds of judicial estoppel and the applicable statute of limitations. Specifically, the court found that the doctrine of judicial estoppel barred all seven of the Appellant's claims, since the Appellant did not disclose them in her Chapter 7 bankruptcy case, as required under 11 U.S.C. § 521.[14]  Moreover, the Bankruptcy Court identified the

---

[14] Section 521 of the Bankruptcy Code, as the Bankruptcy Court explained, "requires that all debtors file schedules of assets and liabilities, income and expenditures and a statement of financial affairs. This duty to disclose is continuing, and included within it is the duty to disclose all actual and

15

statute of limitations for the causes of action pled against Quicken to be three years, a time period which started running after the closing of the loan in June 2006 and which had passed by the time the Adversary Proceeding was filed on April 2, 2012. Thus the Bankruptcy Court held that "[l]imitations on the causes asserted against Quicken exist as an alternative basis for dismissal." Mem. Order Granting Mots. To Dismiss 26. Finally, the Bankruptcy Court found that because the Appellant had asserted no causes of action against Deutsche Bank, the defendant would be dismissed as to all counts. *Id.* at 23.

It is indisputable that the Bankruptcy Court's decision to dismiss relied on applications of law to the facts as the Appellant had pled them. The Bankruptcy Court did not engage in any fact finding when it found, accepting the facts of the Appellant's complaint as true, that the Appellant's complaint failed as a matter of law. Having performed *de novo* review of this issue, this Court rejects the Appellant's objection that the Bankruptcy Court improperly adjudicated facts in its ruling. This Court, therefore, DENIES both of the Appellant's objections.

Pursuant to section 157(c)(1), this Court may enter a final order or judgment only "after considering the bankruptcy judge's proposed findings and conclusions." 28 U.S.C. § 157(c)(1). This Court has carefully considered the findings and conclusions contained in the Bankruptcy Court's order granting the Appellees' motions to dismiss the Adversary Proceeding. This Court finds that the Bankruptcy Court performed a thorough review of the Appellant's Amended Complaint and applied the requisite liberality in considering the sufficiency of her causes of action against the Appellees. Moreover, the court's decision to

---

potential causes of action." Mem. Order Granting Mots. To Dismiss 24 (citing *Browning Mfg. v. Mims (In re Coastal Plains)*, 179 F.3d 197, 208 (5th Cir. 1999), *cert. denied*, 528 U.S. 1117 (2000)).

dismiss the Adversary Proceeding rested on sound legal analysis, with which this Court finds no error.  Accordingly, this Court ADOPTS the Bankruptcy Court's order of dismissal under 28 U.S.C. § 157(c)(1).  Accepting the recommendation of the Bankruptcy Court as the correct resolution of this case, this Court GRANTS the Appellees' Motion to Dismiss the Appellant's Amended Complaint and DISMISSES the Appellant's Adversary Proceeding.

## CONCLUSION

After reviewing *de novo* the matters to which the Appellant lodged objections, this Court determines that the Appellant's objections are meritless, and they are therefore DENIED.  Indeed, this Court finds no error with the Bankruptcy Court's Order Granting Motions to Dismiss and agrees fully with the Bankruptcy Court's analysis.  Accordingly, this Court ADOPTS the findings and conclusions of the Bankruptcy Court and GRANTS the Appellees' Motion to Dismiss the Appellant's Amended Complaint for failure to state a claim upon which relief can be granted.  Consequently, the Adversary Proceeding filed by the Appellant is DISMISSED.

A separate Order follows.

Dated: April 17, 2013                             _____/s/_____
                                                  Richard D. Bennett
                                                  United States District Judge